**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-2013**

SHARON COBB,

Plaintiff - Appellant,

versus

JOHN E. POTTER, Postmaster General, United
States Postal Service,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge.   (1:04-cv-00128; 1:05-cv-00300)

Submitted:  March 12, 2007          Decided:  July 16, 2007

Before WILLIAMS, Chief Judge, and KING and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John C. Hunter, THE JOHN C. HUNTER LAW FIRM, PLLC, Asheville, North
Carolina, for Appellant. Gretchen C. F. Shappert, United States
Attorney, Sidney P. Alexander, Assistant United States Attorney,
Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sharon Cobb appeals the district court's order granting summary judgment in favor of her employer, the U.S. Postal Service, on her claims of retaliation and hostile work environment brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000). Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). We have thoroughly reviewed the briefs and joint appendix and find no reversible error. Accordingly, we affirm for substantially the same reasons stated by the district court. Cobb v. Potter, Nos. 1:04-cv-00128; 1:05-cv-00300 (W.D.N.C. filed Aug. 22, 2006; entered Aug. 23, 2006).[*] We dispense with oral argument because the facts and legal contentions

---

[*]We note that, in addressing Cobb's hostile work environment claim, the district court erroneously relied on Jennings v. Univ. of North Carolina, at Chapel Hill, 444 F.3d 255, 269 (4th Cir. 2006), when the opinion in that case had been vacated by a grant of rehearing en banc. See 4th Cir. R. 35(c)(granting of rehearing en banc vacates previous panel judgment and opinion). This error does not change the correctness of the district court's decision, however, because the district court cited Jennings for legal principles that were set forth in Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993), and Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

- 2 -

are adequately presented in the materials before the court and argument would not aid the decision making process.

AFFIRMED